**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICIA EMERSON, | ) |
| | ) |
| Plaintiff | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| ALLIED INTERSTATE, LLC f/k/a ALLIED | ) |
| INTERSTATE, INC. | ) **(Unlawful Debt Collection Practices)** |
| | ) |

# COMPLAINT

PATRICIA EMERSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC., ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and maintains its headquarters in the State of New York; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hornell, New York 14843.

6. Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. At all relevant times, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

10. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

11. Throughout November 2011, Defendant placed repeated harassing telephone calls to Plaintiff on her home telephone.

12. Plaintiff regularly received collection calls from numbers including, but not limited to, (800) 806-3342, which the undersigned has confirmed is a telephone number belonging to Defendant.

13. During this time, Defendant placed several calls per day to Plaintiff, even as late as 9:30pm, which is forbidden under the FDCPA, without prior consent of the alleged debtor. Plaintiff never provided Defendant with prior consent for calls outside of stated FDCPA times of 8:00am-9:00pm.

14. There were no exigent circumstances in connection the alleged debt Defendant was attempting to collect.

15. Defendant is a sophisticated debt collector collection tens of millions of dollars each year and has the means to prevent its collectors from making calls to consumers at prohibited times.

16. Upon information and belief, Defendant endorsed and authorized the actions of its collector(s) to call Plaintiff after 9:00pm, without regard or care for the FDCPA mandates as to when calls may be made.

17. Upon information and belief, Defendant has not reprimanded the collector(s) that called Plaintiff after 9:00pm.

18. Upon information and belief, Defendant does not routinely reprimand collectors for violating call time rules set forth in the FDPCA.

19. In light of the above, Plaintiff avers that Defendant knowingly and intentionally engages in repetitive business practices which violate the FDCPA rights of consumers, to maximize its collection of debts.

20. In addition to calling after hours, Defendant failed to send any written communication to Plaintiff after speaking with her, specifically, Defendant failed to provide Plaintiff notice of her right to dispute the alleged debt and/or to seek verification of the alleged debt.

21. Defendant's continuous and repeated calls to Plaintiff were made with the intent to annoy, harass and coerce payment.

22. Defendant maintains inadequate procedures to ensure compliance with the FDCPA by its collectors.

23. Defendant does not investigate the call practices of floor collectors, unless a lawsuit has been filed specifying specific acts of the collector.

24. Defendant is neither proactive in enforcement nor effective in preventing its floor collectors from calling consumers outside the hours of 8:00am and 9:00pm.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time, and in the absence of evidence to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 A.M. and before 9:00 P.M., local time at the consumer's location.

26. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 P.M., and as late as after 9:30 P.M.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff after 9:00 P.M, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice concerning the debt.

32. Defendant violated § 1692g(a) of the FDCPA when it failed to send any written notification of the debt to Plaintiff, notifying her of her rights under the FDCPA.

WHEREFORE, Plaintiff, PATRICIA EMERSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA EMERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 11/09/2012   KIMMEL & SILVERMAN, P.C.

By: __/s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com